
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDGAR MURILLO-CHAVEZ,<br><br>                Petitioner,<br>    v.<br><br>PAMELA BONDI et al.,<br><br>                Respondents. | CASE NO. 2:22-cv-0303-LK<br><br>ORDER GRANTING IN PART MOTION TO SEAL |

      This matter comes before the Court on Petitioner Edgar Murillo-Chavez's motion to seal this closed case. Dkt. No. 16. Mr. Murillo-Chavez is detained by U.S. Immigration and Customs Enforcement at the Northwest ICE Processing Center in Tacoma, Washington and filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 seeking to obtain release from detention or a bond hearing. Dkt. No. 6 at 1–2. United States Magistrate Judge Michelle L. Peterson had previously recommended that the Court grant the Government's motion to dismiss and deny Mr. Murillo-Chavez's petition for a writ of habeas corpus. *See* Dkt. No. 13 at 14. Mr. Murillo-Chavez did not file objections to Judge Peterson's Report and Recommendation ("R&R"), and on October

ORDER GRANTING IN PART MOTION TO SEAL - 1

31, 2022, the Court adopted the R&R, Dkt. No. 14. The Court entered judgment on November 3, 2022, Dkt. No. 15, and the case has been closed since then.

Two and a half years later, on April 2, 2025, Mr. Murillo-Chavez filed this motion to seal. Dkt. No. 16. He is dismayed that this case "was published for everyone to see" and wants "it to be sealed so its [sic] not public record or for it to be edited." *Id.* at 1. He avers that some of the information in the record is irrelevant, "misinformed," or "revictimizing" for the victims related to his prior convictions. *Id.*[1]

**A.    Legal Standard**

Courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). Accordingly, when a district court considers a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (cleaned up). This presumption, however, "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999)).

The standard for determining whether to seal a record depends on the filing with which the sealed record is associated and whether such filing is "more than tangentially related to the merits of a case." *See Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098–1102 (9th Cir. 2016). If the filing at issue is more than tangentially related to the merits of the case, the court must apply the "compelling reasons" standard to the motion to seal. *See id.* If the filing is only tangentially related to the merits, the party seeking to seal the records need only show "good cause." *See id.*

---

[1] Mr. Murillo-Chavez was a juvenile at the time he committed some of his crimes, which included sex abuse of minors. Dkt. No. 13 at 2–3.

ORDER GRANTING IN PART MOTION TO SEAL - 2

Additionally, in the Western District of Washington, parties moving to seal documents must comply with the procedures established by Local Civil Rule 5(g). Under that rule, the party who designates a document confidential must provide a "specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient[.]" LCR 5(g)(3)(B).

**B.   Mr. Murillo-Chavez Has Not Justified Sealing the Entire Case**

Mr. Murillo-Chavez's motion does not explain which documents he seeks to seal, the specific reasons to seal each document, or why less restrictive alternatives are insufficient. The motion thus fails to comply with the Local Civil Rules. *See* LCR 5(g)(3)(B).

In addition, the motion does not supply compelling reasons to justify sealing all filings in the case. *See,. e.g.*, *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025–26 (9th Cir. 2014) (explaining that a party seeking to seal an entire case record must provide "compelling reasons" that justify withholding the information from the public). Despite Mr. Murillo-Chavez's fear that this case "was published for everyone to see," Dkt. No. 16 at 1, access to the documents in this immigration-related case is already limited. While Court *orders* may be viewed by anyone with an account in the Public Access to Court Electronic Record ("PACER") system, all *other* filings in this case are only accessible by the parties and their attorneys, or on the public access terminals in the Clerk's office at the courthouse. *See* Electronic Filing Procedures for Civil and Criminal Cases at 15 (available on the Court's website at www.wawd.uscourts.gov). In addition, personally identifiable information, including the victims' names, have been redacted from the record. *See* Dkt. No. 11 at 1 n.1; *see also, e.g.*, Dkt. No. 11-6 at 9. Mr. Murillo-Chavez does not state that these protections are insufficient. *See, e.g.*, *Doe v. Bostock*, No. C24-0326-JLR-SKV, 2024 WL 1156312, at *3

ORDER GRANTING IN PART MOTION TO SEAL - 3

(W.D. Wash. Mar. 18, 2024) (denying motion to seal where petitioner failed to show that existing protections were insufficient). Nor does he explain why he waited so long to file this motion after the case was closed, and that lengthy delay undermines his contention that the information in the record requires protection. *Oliner*, 745 F.3d at 1026 (finding that a party had not supplied compelling reasons, "particularly because the proceedings had been a matter of public record" for 10 years). Mr. Murillo-Chavez has thus failed to provide compelling reasons to seal the entire case or any specific documents therein.

Despite professing the need for privacy for himself and others, Mr. Murillo-Chavez included two unredacted pieces of sensitive information in his motion to seal: the first name of one of his victims and her telephone number. Dkt. No. 16 at 3. It is unclear whether that person is still a minor; regardless, she was at the time of the offenses. *See Rec Room Inc. v. M.Z.*, No. C23-1586-KKE, 2024 WL 1765709, at *1 (W.D. Wash. Apr. 24, 2024) (noting that "this District recognizes the strong privacy interests of minor children"). To protect that third-party information, the Court GRANTS in part the motion to seal, Dkt. No. 16, and directs the Clerk to seal docket entry 16. The remainder of Mr. Murillo-Chavez's motion to seal is DENIED.

Dated this 8th day of May, 2025.

*Lauren King*
Lauren King
United States District Judge